UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL J. AMBACH and TERESA L. AMBACH, husband and wife,<br><br>     Plaintiffs,<br><br>     v.<br><br>WELLS FARGO HOME MORTGAGE as lender, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), JULIE ANN PRIETO, notary public, JOHN DOES 1-100,<br><br>     Defendants. | No.  CV-13-0095-RHW<br><br>**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS** |

     Before the Court are Defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss, ECF No. 5, and Defendant Northwest Trustee Services, Inc.'s ("NWTS") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 7. Plaintiffs' Michael J. Ambach and Teresa L. Ambach ("Plaintiffs"), proceeding *pro se*, did not respond to Defendants' motions. Additionally, these motions were heard without oral argument. Having considered the motions and all pleadings filed in support, the Court enters the following Order.

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS \* 1**

## FACTUAL & PROCEDURAL BACKGROUND

The following background facts were taken from Plaintiffs' Complaint [1] filed in Spokane County Superior Court on February 13, 2013 . *See* Complaint for Emergency Declaratory and Injunctive Relief; To Cancel Trustee Sale; R.E.S.P.A.; T.I.L.A.; Violations and Breach of Contract (hereafter "Complaint" or "Compl."), ECF No. 1-1, Ex. A at 1-8. The Ambachs' claims relate to allegations that Defendants acted improperly in the servicing and nonjudicial foreclosure of their home.

On July 1, 1989, Plaintiff Michael J. Ambach purchased the real property on 1424 East 14th Avenue, located in Spokane, Washington ("the Property"). Compl. ¶ 8. On October 17, 2001, Plaintiffs, in consideration for a mortgage loan, jointly refinanced the Property and signed a promissory note ("the Note") for $120,000, payable to Capitol Commerce Mortgage Co. *See* Declaration of Jeff Stenman In Support of Motion to Dismiss ("J. Stenman Decl."), ECF No. 8, Ex. 1. Plaintiffs also executed a Deed of Trust [2] which listed the Ambachs as "Borrowers," Capitol Commerce Mortgage Co. as "Lender," and Pacific Northwest Title Company of Spokane as "Trustee." *Id.* at Ex. 2. The Deed of Trust was then recorded on October 22, 2001, with the Spokane County Auditor's Office. *Id.*

Plaintiff alleges, on a date unknown, the loan was then transferred to Defendant Wells Fargo Home Mortgage. Compl. ¶ 11. In September of 2010,

---

[1] For purposes of a 12(b)(6) motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to Plaintiffs. *See NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986).

[2] "A deed of trust involves a lender, a borrower, and a 'trustee.' The trustee holds an interest in the title to the borrower's property on behalf of the lender, who is also called the beneficiary. If a borrower defaults on his or her loan, the beneficiary may instruct the trustee to conduct a nonjudicial foreclosure instead of petitioning the court to initiate a foreclosure process." *Douglass v. Bank of Am. Corp.*, CV-12-0609-JLQ, 2013 WL 2245092 (E.D. Wash. May 21, 2013).

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS** * 2

Plaintiffs sought a series of loan modifications from Wells Fargo. Compl. ¶¶ 12-21. However, the payments requested were ultimately not to their liking. *Id.* In response, Plaintiffs submitted a "Qualified Written Request" to Defendant Wells Fargo. Compl. ¶ 22. Wells Fargo responded, but failed "to provide a full accounting of required documents[.]"Compl. ¶ 25. [3]

On September 14, 2011, MERS, a nominee for the original lender Capitol Commerce Mortgage Co., and its successors and assigns, recorded a Corporate Assignment of the Deed of Trust with the Spokane County Auditor's Office. Compl. ¶ 26.[4]

On August 8, 2012, Wells Fargo Bank, N.A., as purported holder of the note and beneficiary, appointed North West Trustee Services, Inc. ("NWTS"), as Successor Trustee. J. Stenman Decl., ECF No. 8, Ex. 3. On August 14, 2012, the Appointment of Successor Trustee was recorded in Spokane County, Washington. *Id.*

Although not alleged in the Complaint, Plaintiffs fell into default under the terms of the Note and Deed of Trust by at least February of 2012. As such, on October 8, 2012, NWTS, acting on behalf of Wells Fargo, filed a Notice of Trustee's Sale in Spokane County, Washington. J. Stenman Decl., ECF No. 8, Ex. 4. The Notice warned Plaintiffs that under the Note and Deed of Trust the sum of $118,445.18 was owed as of February 1, 2012. *Id.* at 3. Further, the Notice warned Plaintiffs of the impending trustee's sale on February 15, 2013. *Id.* at 2.

---

[3] This allegation forms the basis of Plaintiffs' claim that Defendant Wells Fargo denied them "legally requested documentation pursuant to RESPA ("Real Estate Settlement Procedures Act") and Section 131(f) of the Truth-in-Lending Act ("TILA")[.]" Compl. ¶ 7

[4] Although referenced in Plaintiffs' Complaint as "Exhibit C," neither party has submitted MERS's Assignment of the Deed of Trust to the Court.

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS** * 3

Two days prior to the Trustee's Sale, Plaintiffs filed their complaint for emergency declaratory and injunctive relief in Spokane County Superior Court on February 13, 2013. Compl., ECF No. 1-1. Plaintiffs' Complaint alleged two counts and sought only non-monetary relief: (1) Emergency Temporary and Permanent Injunctive Relief, and (2) Declaratory Relief. Compl. ¶¶ 30-37, 38-44.

On February 15, 2013, the Property was sold by NWTS via nonjudicial foreclosure. J. Stenman Decl., ECF No. 8, Ex. 5. A Trustee's Deed was issued to the high bidder at the sale, Federal Home Loan Mortgage Corporation (also known as "Freddie Mac" or "FHLMC"). *Id.* On February 25, 2013, the Trustee's Deed was recorded with the Spokane County Auditor's Office. *Id.*

On March 7, 2013, Defendants' removed the matter to this Court. ECF No. 1. Defendants Wells Fargo, MERS, and NWTS then filed their motions to dismiss on March 14, 2013. As stated above, Plaintiffs failed to respond to the instant motions.

## LEGAL STANDARDS

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the Court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS * 4**

U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010).

Courts hold *pro se* litigants to "less stringent standards" than attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Although *pro se* litigants are responsible for following court rules, the Court construes pleadings liberally in their favor. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995). However, a court does not serve as an advocate for *pro se* litigants and cannot make their case for them if they fail to do so. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Failure to File a Response**

Local Rule 7.1(d) states that the failure to file a responsive memorandum under LR 7.1(b) "may be deemed consent to the entry of an Order adverse to the party who violates these rules." However, in the context of a motion for summary judgment, the motion should not be granted simply because there is no opposition, even if the failure to oppose violates a local rule. *See Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir. 1993). Rather, the moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. *See Cristobal v. Siegel,* 26 F.3d 1488, 1491 (9th Cir. 1994). Thus, the Court applies the same analysis when a party fails to respond to a motion to dismiss, in that the moving party must demonstrate why the plaintiff has failed to state a claim in order for the motion to be granted.

///

///

///

///

///

///

///

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS \* 5**

**C.    Materials Considered by the Court on a Motion to Dismiss** [5]

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citation omitted). "However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001).

**D.    Leave to Amend**

If a court finds that a complaint must be dismissed because it does not state a claim for which relief may be granted, it must then decide whether to grant leave to amend. A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Noll v. Carlson,* 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980); *see also Ricotta v.*

---

[5] Pursuant to the authority in this section, the Court considers the following documents in ruling on the Motions to Dismiss:  ECF No. 8, Ex. 1 (Note), Ex. 2 (Deed of Trust), Ex. 3 (Appointment of Successor Trustee), Ex. 4 (Notice of Trustee's Sale), Ex. 5 (Trustee's Deed) -- as they are either referenced in the Complaint, form the basis of Plaintiffs' claims, or are subject to judicial notice as "matters of public record."

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS * 6**

*California,* 4 F. Supp. 2d 961, 971–72 (S.D. Cal. 1998), *affirmed* 173 F.3d 861 (9th Cir. 1999), *cert. denied* 528 U.S. 864 (1999).

## DISCUSSION

**A.   Plaintiffs' Claims for Declaratory and Injunctive Based on Wrongful Foreclosure under the Washington Deed of Trust Act**

Plaintiffs' claims for declaratory and injunctive relief (Counts I and II) are governed by the Washington Deed of Trust Act ("DTA"). *See* RCW 61.24. Defendants Wells Fargo, MERS, and NWTS seek dismissal of Plaintiffs' claims asserting they are barred by the Waiver Doctrine and for failure to restrain the trustee's sale by obtaining a temporary restraining order or preliminary injunction. ECF Nos. 5 at 5-7, 7 at 10-12.

### 1.   Waiver

Defendants argue that Plaintiffs' claims for injunctive and declaratory relief are barred by law and waived for failure to bring a motion to restrain the trustee's sale, pursuant to RCW 61.24.130.

"Waiver is an equitable principle that can apply to defeat someone's legal rights where the facts support an argument that the party relinquished their rights by delaying in asserting or failing to assert an otherwise available adequate remedy." *Albice v. Premier Mortg. Servs. of Wash., Inc.,* 174 Wash. 2d 560, 569, 276 P.3d 1277 (2012). In the nonjudicial foreclosure setting, "waiver of any post-sale challenge occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Id.* (quoting *Plein v. Lackey,* 149 Wash.2d 214, 227, 67 P.3d 1061, (2003)); *see also* RCW 61.24.040(1)(f)(IX).

The Court also is aware that amendments to the DTA made after *Plein* have attempted to preserve certain post-sale claims that would otherwise be waived. *See* RCW 61.24.127(1)(a)-(d). Relevant to the instant case, these non-waived claims do

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS** * 7

not allow the Plaintiffs to "seek any remedy at law or in equity other than monetary damages" or "affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2)(b)-(c).

In addition, a court should "apply waiver only where it is equitable under the circumstances and where it serves the goals of the [DTA]." *Albice,* 174 Wash.2d at 570, 276 P.3d 1283. The three goals of the DTA are "efficiency, ensuring an adequate opportunity to prevent wrongful foreclosure, and promoting the stability of land titles." *Tran v. Bank of Am., N.A.,* 2012 WL 5384929 at * 3 (W.D.Wash. Nov. 1, 2012) (citing *Albice,* 174 Wash.2d at 567, 569, 276 P.3d 1277). "[I] n determining whether waiver applies, the second goal—that the nonjudicial foreclosure process should result in [] interested parties having an adequate opportunity to prevent wrongful foreclosure—becomes particularly important." *Albice,* 174 Wash.2d at 571, 276 P.3d 1277.

Here, the Court finds the application of waiver is proper and equitable under the facts of this case. Thus, the Court dismisses Plaintiffs' claims for declaratory and injunctive relief (Counts I and II), for the following reasons. First, Plaintiffs do not challenge whether they received notice of the trustee's sale. As evidenced in their Complaint filed on February 13, 2013, prior to the sale, Plaintiffs knew that Defendant NWTS planned to sell their home on February 15, 2013. Compl., ¶ 33. Second, as the Complaint was filed two days before the sale took place, Plaintiffs had "actual or constructive" knowledge of the defenses they planned to assert -- prior to the sale taking place. Compl. ¶¶ 30-37, 38-44. Third, as in *Plein*, although the Ambachs requested "emergency temporary and permanent injunctive relief," they failed to ultimately obtain a temporary restraining order or preliminary injunction preventing the trustee's sale held February 15, 2013. Compl. ¶¶ 30-37.

Similarly, in *Plein* the plaintiffs sought to permanently enjoin the trustee's sale and to obtain a declaration voiding the deed of trust. 149 Wash.2d at 220, 67 P.3d 1061. However, because the plaintiffs failed to secure a preliminary

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS** * 8

injunction, or any other temporary court order restraining the sale, his post-sale claims involving attacks on the validity of the foreclosure and trustee's sale were waived. *Plein*, 149 Wash.2d at 229, 67 P.3d 1061; *see also Brown v. Household Realty Corp.*, 146 Wash. App. 157, 171, 189 P.3d 233 (2008) (holding that a borrower waives claims against a lender by failing to timely request a preliminary injunction or restraining order enjoining nonjudicial foreclosure sale at least five days before the sale date.). Moreover, according to the dictates of *Albice*, wavier is proper where a party relinquished its rights by delaying in asserting or failing to assert an otherwise available remedy. 174 Wash.2d at 570, 276 P.3d 1277.

In sum, the Court agrees with Defendants that all three of the *Plein* factors are met in this case. Also, Plaintiffs' claims for declaratory and injunctive seeking only non-monetary relief do not fall within the exceptions to *Plein* as contemplated by RCW 61.24.127(1)(a)-(d). Plaintiffs have therefore waived their claims for injunctive and declaratory relief by delaying and failing to obtain an order prior to the trustee's sale, restraining the sale of the Property. The Court finds these claims (Counts I and II of the Complaint) must be **dismissed** as to all Defendants. The claims for non-monetary relief are dismissed with prejudice.

### 2.    Leave to Amend

Although the Court has found that Plaintiffs waived any non-monetary claims for injunctive or declaratory relief under the DTA, it must consider whether to grant leave to amend. As discussed above, a failure to enjoin a foreclosure sale will not waive a claim for damages asserting common law fraud or misrepresentation, a violation of Title 19 of the RCW, or failure to of the trustee to materially comply with provisions of the DTA. RCW 61.24.127(1).

As gleaned from their prayer for relief in Count II, the essence of Plaintiffs' Complaint is:

> "Defendant NWTS has no legal standing or the proper legal or
> equitable interest in either the Note or Mortgage to institute or

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS * 9**

> maintain a foreclosure . . . [and] that the attempt by Defendant NWTS
> to conduct a foreclosure sale of the Property is legally defective and
> precluded from enforcement . . . [and] that Defendants produce the
> Original Note and Deed of Trust so the chain of title is known.

Compl. at 7-8. Plaintiffs also challenge the assignment of their "mortgage" by
MERS to NWTS. Compl. ¶ 23.

Pursuant to the DTA, "before the notice of the trustee's sale is recorded,
transmitted, or served, the trustee shall have proof that the beneficiary is the owner
of any promissory note or other obligation secured by the deed of trust." RCW
61.24.030(7)(a); *see also Bain v. Metro. Mortgage Grp., Inc.*, 175 Wash.2d 83, 93-
94, 285 P.3d 34, 39 (2012). A declaration made by the beneficiary under penalty of
perjury stating that it is the actual holder of the promissory note is sufficient proof.
RCW 61.24.030(7)(a).

Construing the Ambach's complaint liberally, as it must, the Court finds it is
plausible that under the facts alleged by Plaintiffs, NWTS violated the DTA by
initiating a foreclosure without knowledge of the beneficiary as required by RCW
61.24.030(7). Despite the fact that Plaintiffs did not request any monetary relief,
they are granted leave to amend their complaint to seek damages, as to Defendant
NWTS only.

In addition, although not alleged as specific counts, Plaintiffs' have also
alleged RESPA and TILA violations. Compl. ¶¶ 7, 25, 27. Defendants did not
move to dismiss or address these allegations. Thus, Plaintiffs are also granted leave
to re-assert the RESPA and TILA violations, assuming they seek only relief for
damages, as to Defendant Wells Fargo.

### 3.    Defendant NWTS's Additional Arguments

Defendant NWTS also seeks dismissal of plaintiffs' claims for declaratory
relief on additional grounds and argues that NWTS was properly appointed
Successor Trustee by Wells Fargo as Beneficiary and the Assignment of the Deed
of Trust is irrelevant as to NWTS' Authority to Act as Successor Trustee. ECF No.

**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS * 10**

7 at 7-10. However, because the Court has dismissed Plaintiffs' claims for injunctive and declaratory relief finding they were waived, it need not address these additional arguments. Therefore, the Court **denies** NWTS's Motion to Dismiss on this additional basis and declines to address these arguments.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' Wells Fargo and MERS's Motion to Dismiss, ECF No. 5, is **GRANTED.**

2.  Defendant NWTS's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 7, is **GRANTED** in part and **DENIED** in part.

3.  For the reasons enumerated above, Plaintiffs' claims for injunctive and declaratory relief, Counts I and II of the Complaint, are **DISMISSED** with prejudice.

4.  Plaintiffs may amend their complaint, as detailed above, within **fourteen (14) days** of the entry of this order by way of short, plain statements in a pleading clearly labeled "First Amended Complaint." *See* Fed. R. Civ. P. 15(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs.

**DATED** this 8th day of July, 2013.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge


**ORDER RE:  DEFENDANTS' MOTIONS TO DISMISS * 11**