UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL J. AMBACH and TERESA L. AMBACH, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE as lender, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), JULIE ANN PRIETO, notary public, JOHN DOES 1-100,<br><br>    Defendants. | No. CV-13-0095-RHW<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

## BACKGROUND

On March 7, 2013, Defendants Wells Fargo Home Mortgage ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), removed this case from Spokane County Superior Court to this Court. ECF No. 1. Defendants then filed motions to dismiss on March 14, 2013. *See* ECF Nos. 5, 7. Plaintiffs did not respond to the motions.

On July 8, 2013, the Court granted, in part, Defendants' Motions to Dismiss. ECF No. 15. The Court then gave Plaintiffs fourteen (14) days to file an amended

**ORDER OF DISMISSAL WITH PREJUDICE** * 1

q:\rhw\acivil\2013\ambach\order dismiss.docx

complaint. *Id.* To date, the Court has yet to receive an amended complaint from the Plaintiffs.

On September 4, 2013, the Court ordered Plaintiffs to show cause why any remaining claims or causes of action against Defendants should not be dismissed for failure to prosecute and to comply with the Court's prior Order, ECF No. 15. Plaintiffs again failed to respond to the Court's Order.

## DISCUSSION

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261. In the present action, the first two factors weigh in favor of dismissal. Plaintiffs have not filed a response to the Court's Order to show cause. This lack of response, not only to the Court's Show Cause Order, but also to Defendants prior Motions to Dismiss, clearly suggests they do not intend to litigate this case diligently. Also, the ongoing delay would hinder the Court's ability to manage its docket.

**ORDER OF DISMISSAL WITH PREJUDICE** * 2

The third factor for the Court to weigh is the risk of prejudice to the Defendants. The Court must examine whether Plaintiffs' actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Limited delays and the prejudice to defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiffs' excuse for default. *See Malone*, 833 F.2d at 131. In the instant case Plaintiffs have offered no excuse for their default. In addition, this case has been pending in this Court and the state court since at least February 13, 2013. Moreover, the Court finds the complete lack of response by Plaintiffs is an unreasonable delay. In sum, this factor weighs heavily in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986)(court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiffs were clearly instructed that they must show cause as to why their case should not be dismissed in the Court's prior Order, ECF No. 16. Moreover, Plaintiffs were given sufficient time within which to comply. Plaintiffs'

**ORDER OF DISMISSAL WITH PREJUDICE** * 3

complete lack of response to the Court's Order to show cause demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. All pending and remaining claims and causes of actions, if any, in this matter are **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs, and **CLOSE** the file.

**DATED** this 24th day of September, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER OF DISMISSAL WITH PREJUDICE** * 4

q:\rhw\acivil\2013\ambach\order dismiss.docx